*U.S. DISTRICT COURT WESTERN DISTRICT ARKANSAS FILED JUL 28 2015 CHRIS R. JOHNSON, CLERK BY ___ DEPUTY CLERK*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| Christina Moss, | : |
| Plaintiff, | : Civil Action No.: 15-5175 PKH |
| v. | : |
| PMAB, LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

# COMPLAINT

For this Complaint, Plaintiff, Christina Moss, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Christina Moss ("Plaintiff"), is an adult individual residing in Fayetteville, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant PMAB, LLC ("PMAB"), is a North Carolina business entity with an address of Two Lake Point Plaza, 4135 South Stream Boulevard, Suite 400, Charlotte, North

Carolina 28217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A), and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by PMAB and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PMAB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to PMAB for collection, or PMAB was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. PMAB Engages in Harassment and Abusive Tactics

12. In or around September 2014, PMAB began calling Plaintiff's cellular telephone in an attempt to collect the Debt from the Debtor.

13. Plaintiff informed PMAB that she did not know the Debtor and that it was calling the wrong number. Plaintiff then requested that PMAB cease all calls to her regarding the Debt.

14. Thereafter, Plaintiff stopped answering the calls from PMAB. When Plaintiff stopped answering the calls, PMAB began leaving prerecorded messages on Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer").

15. Plaintiff never provided her cellular telephone number to PMAB or the Creditor and never gave either party express consent to place automated calls to her cellular telephone.

C. **Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**15 U.S.C. § 1692, *et seq.***

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants' conduct violated A.C.A. § 17-24-503(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information.

26. Defendants' conduct violated A.C.A. § 17-24-503(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

27. Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

28. Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff never provided her cellular telephone number to Defendants or the Creditor and never provided her consent to be contacted on her cellular telephone.

33. Without prior express consent, Defendants called Plaintiff's cellular telephone using an ATDS and/or using an artificial or prerecorded voice.

34. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised they had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

35. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Upon information and belief, Defendants' telephone system has the capacity to store numbers in a random and sequential manner.

37. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f);

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 21, 2015

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff